Mr. Kenneth J. Plante General Counsel Department of Environmental Protection Twin Towers Office Building 2600 Blair Stone Road Tallahassee, Florida 32399-2400
Dear Mr. Plante:
You ask substantially the following questions:
1. Does section 944.10(4), Florida Statutes (1994 Supp.), authorizing the Department of Corrections to directly contract for appraisal services and appraisal review services, relieve the Department of Environmental Protection from the provisions of section 253.025, Florida Statutes (1994 Supp.), requiring appraisals obtained pursuant to section 253.025 to be reviewed and approved by the Division of State Lands of the Department of Environmental Protection?
2. If so, does an appraisal obtained by the Department of Corrections pursuant to section 944.10, Florida Statutes (1994 Supp.), and approved by the review appraiser hired by the department constitute an "approved appraisal" for purposes of section 253.025, Florida Statutes (1994 Supp.), in determining the maximum amount that may be paid by the state for a parcel?
In sum:
1. Section 944.10(4), Florida Statutes (1994 Supp.), authorizing the Department of Corrections to directly contract for appraisal services and appraisal review services without competitive bidding, relieves the Department of Environmental Protection from the requirement of section 253.025, Florida Statutes (1994 Supp.), that appraisals be reviewed and approved by the Division of State Lands of the Department of Environmental Protection.
2. An appraisal obtained by the Department of Corrections pursuant to section 944.10, Florida Statutes (1994 Supp.), and approved by the review appraiser hired by the department, operates as an "approved appraisal" for purposes of section 253.025, Florida Statutes (1994 Supp.), for determining the maximum amount that may be paid by the state for a parcel of property.
QUESTION ONE
Section 944.10, Florida Statutes (1994 Supp.), was substantially amended during the 1994 legislative session. Subsection (1) of the statute sets forth the legislative intent, stating:
It is the intent of the Legislature to expedite the siting of, acquisition of land for, and construction by the Department of Corrections of state correctional facilities operated by the department or a private vendor under contract with the department. Other agencies shall cooperate with the department and expeditiously fulfill their responsibilities to avoid unnecessary delay in the siting of, acquisition of land for, and construction of state correctional facilities. This section and all other laws of the state shall be construed to accomplish this intent. This section shall take precedence over any other law to the contrary. (e.s.)
Section 944.10(4)(a), Florida Statutes (1994 Supp.), provides:
Notwithstanding s. 287.057 or s. 253.025, whenever the department finds it to be necessary for timely site acquisition, it may contract without the need for competitive selection with one or more appraisers whose names are contained on the list of approved appraisers maintained by the Division of State Lands of the Department of Environmental Protection in accordance with s.253.025(7)(b).[1] In those instances in which the department directly contracts for appraisal services, it must also contract with an approved appraiser who is not employed by the same appraisal firm for review services.
Section 253.025(6), Florida Statutes (1994 Supp.), requires appraisals of parcels of property which the state seeks to acquire. Pursuant to subsection (6)(b), the Board of Trustees of the Internal Improvement Trust Fund "shall approve qualified fee appraisal organizations."[2] Section 253.025(6)(e), Florida Statutes (1994 Supp.), requires that "[p]rior to acceptance of an appraisal, the agency shall submit a copy of such report to the Division of State Lands" which shall review the report for compliance with the rules of the board of trustees.
Section 944.10, Florida Statutes (1994 Supp.), was amended to expedite the siting and construction of correctional facilities by the Department of Corrections (DOC). The statute clearly reflects the legislative intent that its provisions prevail over any conflicting statutes. Subsection (4) of the section authorizes DOC to directly select appraisal services without competitive bidding.[3] An examination of the legislative history surrounding the amendment of section 944.10, Florida Statutes (1994 Supp.), indicates that the legislation "authorizes the Department of Corrections to select and review appraisals of land to build state prisons."[4] (e.s.)
In light of the above, I am of the opinion that section 944.10(4), Florida Statutes (1994 Supp.), which authorizes the Department of Corrections to directly contract for appraisal services and appraisal review services, supersedes the requirements set forth in section 253.025, Florida Statutes (1994 Supp.).
QUESTION TWO
Section 253.025(7)(e)1., Florida Statutes (1994 Supp.), provides:
The board of trustees shall adopt by rule the method for determining the value of parcels sought to be acquired by state agencies pursuant to this section. No offer by a state agency, except an offer by an agency acquiring lands pursuant to s.259.041, may exceed the value for that parcel as determined pursuant to the highest approved appraisal or the value determined pursuant to the rules of the board of trustees, whichever value is less.[5]
The statute does not define "approved appraisal"; the Department of Environmental Protection, however, has defined the term to refer to an "appraisal that has been accepted by the Chief Appraiser for use in calculating the amount that the state can pay for property."[6]
As discussed in the previous question, the Division of State Lands no longer is required to review appraisals obtained pursuant to section 944.10, Florida Statutes (1994 Supp.). Such reviews may now be performed by an appraiser hired by DOC to perform that function. As noted in Question One, the statute prohibits the review appraiser from being employed by the same firm that performed the appraisal subject to review.
The exception afforded by section 944.10(4)(a), Florida Statutes (1994 Supp.), relates to an expedited procedure for obtaining and reviewing appraisals of property sought to be acquired for correctional facilities. It does not constitute an exception to the provisions of section 253.025, Florida Statutes (1994 Supp.), imposing limitations on the amount that may be paid for such property. Section 944.10(4)(c), Florida Statutes (1994 Supp.), specifically recognizes that section 944.10(4) does not mitigate in any manner the authority of the Board of Trustees of the Internal Improvement Trust Fund or the Division of State Lands to approve any contract for purchase of state lands as provided by law or to require policies and procedures to obtain clear legal title to parcels purchased for state purposes.
Moreover, section 944.10(4)(b), Florida Statutes (1994 Supp.), in authorizing DOC to enter into option contracts, specifically requires the contract to state that the final purchase price cannot exceed the maximum value allowed by law. Section253.025(6)(e), Florida Statutes (1994 Supp.), appears to establish that maximum value.
Accordingly, I am of the opinion that an appraisal approved by the review appraiser hired by the Department of Corrections operates as an "approved appraisal" for purposes of section 253.025, Florida Statutes (1994 Supp.), in determining the maximum amount that may be paid by the state for a parcel of land.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] As noted by Statutory Revision in a note to s. 944.10, Fla. Stat. (1994 Supp.), s. 253.025(7) was redesignated as s.253.025(6) by s. 2, Ch. 94-240, Laws of Florida.
[2] See, Rule 18-1.007, F.A.C., providing for designated appraisal organizations and appraisal selection.
[3] See, s. 287.057, Fla. Stat. (1993), providing for competitive sealed bidding for the procurement of commodities and contractual services.
[4] Senate Staff Analysis and Economic Impact Statement on CS/SB 1320 (passed as Ch. 94-273, Laws of Florida), Committee on Corrections, Probation and Parole, dated February 14, 1994, further provides:
Paragraph (a) of a new subsection (4) is created to allow appraisals to not be subject to competitive bid requirements. The Department of Corrections is permitted to choose a qualified appraiser from a list of approved appraisers maintained by the Division of State Lands of the Department of Environmental Protection.
[5] The statute recognizes several exceptions that are not pertinent to the instant inquiry.
[6] Rule 18-1.002(4), F.A.C.